**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Quentin King HINTON, Defendant–
Appellant.**

**No. 01–10474.
D.C. No. CR–00–00016–PMP.**

United States Court of Appeals,
Ninth Circuit.

Arugued and Submitted April 10, 2002.

Decided April 24, 2002.

Appeal from the United States District Court for the District of Nevada, Philip M. Pro, District Judge, Presiding.

Before O'SCANNLAIN and TALLMAN, Circuit Judges, and KING, District Judge.*

MEMORANDUM **

Appellant Quentin King Hinton appeals the district court's denial of his motion to suppress evidence. Appellant entered into a conditional change of plea and preserved his right to appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The search of the crawl space was within the home's curtilage and was therefore proper. The agents did not exceed the scope of the search warrant on Appellant's residence by searching in the crawl space

---

under the house, since a warrant authorizing the search of a residence also authorizes the search of the residence's curtilage. *See United States v. Gorman,* 104 F.3d 272, 273 (9th Cir.1996). The district court correctly found that the warrant permitted search of the crawl space.

The items found within the crawl space were properly recovered under the search warrant. The search warrant was adequately specific to include those items recovered. *See United States v. Brock,* 667 F.2d 1311, 1322 (9th Cir.1982). The agents were permitted under the warrant to search for documents and it was therefore appropriate that they opened the containers within the crawl space with the intent to recover items described in the warrant. The district court properly denied Appellant's motion to suppress.
AFFIRMED.

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9TH CIR. R. 36–3.